IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANNY ELIZABETH MINER,<br>  Plaintiff,<br>  v.<br>STATE OF CALIFORNIA,<br>  Defendant. | No. C 07-01120 CRB<br><br>**ORDER** |

Now before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. See 28 U.S.C. § 1915(a). Nonetheless, a court is under a continuing duty to dismiss a case seeking to proceed without the prepayment of fees whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, the Court accepts Plaintiff's representation that she cannot afford the court costs for this action. Her application to proceed *in forma pauperis* is therefore GRANTED. The Court further determines, however, that Plaintiff has not yet stated a claim on which relief can be granted.

1    Plaintiff's complaint apparently stems from a dispute over the custody of her child,
2 Paola Calderon.  Plaintiff's complaint indicates that the California state courts have awarded
3 custody of the child to the father, Filber Calderon.  Further, the complaint states that Plaintiff
4 has been ordered to pay child support.  Plaintiff suggests that the father is abusive and is not
5 a proper guardian for Paola, and that her child support payments are merely a form of state-
6 sanctioned extortion.

7    It is not clear from the complaint who Plaintiff is suing, although her lawsuit generally
8 identifies the "State of California" as a defendant.  She suggests that various public officials
9 have engaged in a conspiracy and that as a result of their collective actions "my child Paola
10 has been kidnapped [sic] and held for ransom . . . under the color of law."  Compl. at 3.  She
11 vaguely alleges that "attorneys" have committed "barratry, collusion to committ [sic] fraud,
12 perjury and slander in open court."  She also alleges that various governmental bodies have
13 "admitted to collusion in the crimes," including certain "representatives," the "Commission
14 on judicial performance, the grand jury, state senate and assembly, the governors [sic] office
15 etc."  Id.  She asserts that she has witnessed local commissioners committing "high crimes,"
16 such as "cover[ing] up of evidence . . . , falsifing [sic] minute orders, committing barratry,
17 making unlawful orders, [and] making idiotic and totally bizaare [sic] statements."  Id. at 1.
18 She asserts that the actions of all of these public officials are contrary to the United States
19 Constitution, and she cites numerous cases for the proposition that public officials are not
20 immune from liability for their unconstitutional acts.  She asserts a demand for $15 million.

21    The Court finds that Plaintiff has failed to set forth "a short and plain statement of the
22 claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Here, it is
23 impossible to determine from the face of Plaintiff's complaint who is being sued or what
24 specific acts the defendants are alleged to have committed.  "Conclusionary allegations,
25 unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights
26 Act."  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977).

27    The Court nonetheless recognizes that it has "an obligation where the petitioner is *pro*
28 *se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the

2

petitioner the benefit of any doubt." Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). The Court therefore construes Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983 and alleging that state officials have violated her federal constitutional rights. Moreover, under Ninth Circuit law, courts must "'provide a pro se litigant with notice of the deficiencies in his or her complaint' to ensure that the litigant uses the opportunity to amend effectively." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987) (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). The Court therefore DISMISSES Plaintiff's complaint, and hereby GRANTS Plaintiff leave to amend. In her amended complaint, Plaintiff must: (1) identify each of the specific defendants whose actions have caused Plaintiff constitutional harm, such that the defendants can be identified and given an opportunity to respond to the charges against them; and (2) identify how each of these defendants has engaged in allegedly unconstitutional action, by making reference to specific acts or omissions that these various actors have committed. See Sherman v. Yakahi, 549 F.2d at 1290 ("The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim." (quoting Powell v. Workmen's Comp. Bd., 327 F.2d 131, 137 (2d Cir.1964))). Upon the submission of an amended complaint, the Court will again review the sufficiency of the pleading to see whether Plaintiff may proceed on her *pro se* claim.

**IT IS SO ORDERED.**

Dated: March 20, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\1120\Order 1.wpd            3