IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TANNY ELIZABETH MINER,

    Plaintiff,

  v.

STATE OF CALIFORNIA,

    Defendant.
                               /

No. C 07-01120 CRB

**ORDER**

    Now before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. See 28 U.S.C. § 1915(a). Nonetheless, a court is under a continuing duty to dismiss a case seeking to proceed without the prepayment of fees whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the case will be DISMISSED.

    Here, the Court accepts Plaintiff's representation that she cannot afford the court costs for this action. Her application to proceed *in forma pauperis* is therefore GRANTED. The Court further determines, however, that it lacks jurisdiction to adjudicate Plaintiff's claims, and further, that Plaintiff has failed to state a claim on which relief can be granted.

1   Plaintiff filed her original complaint in this Court on February 23, 2007.  After
2 reviewing the complaint, the Court found it "impossible to determine . . . who is being sued
3 or what specific acts the defendants are alleged to have committed."  The Court therefore
4 dismissed the original complaint without prejudice and ordered Plaintiff to file an amended
5 complaint that (1) identifies each of the specific defendants whose actions have caused
6 Plaintiff constitutional harm, such that the defendants can be identified and given an
7 opportunity to respond to the charges against them; and (2) identifies how each of these
8 defendants has engaged in allegedly unconstitutional action, by making reference to specific
9 acts or omissions that these various actors have committed.  See Sherman v. Yakahi, 549
10 F.2d at 1290 ("The plaintiff must 'allege with at least some degree of particularity overt acts
11 which defendants engaged in' that support the plaintiff's claim." (quoting Powell v.
12 Workmen's Comp. Bd., 327 F.2d 131, 137 (2d Cir.1964))).

13   Plaintiff filed an amended complaint on April 27, 2007.  The amended complaint
14 identifies as defendants numerous state agencies and officials, all of whom were involved in
15 various family court and juvenile court proceedings through which Plaintiff lost custody of
16 her daughter.  In this case, she asserts claims for "racketeering, collusion, conspiracy and
17 fraud, depravation of rights, converting a right into a crime, treason, infliction of emotional
18 distress, terrorism, genocide, compelling contract, kidnapping, child endangerment, slavery,
19 violations of oath in office, violations of first congress, violations of FOIA, violations of
20 constitutional rights."  The complaint itself does not specify the wrongful acts committed by
21 each of the approximately forty defendants.  But the complaint does include attachments that
22 set forth details of the custody in which Plaintiff has been engaged since roughly March of
23 2004.  The complaint sets forth demands for three forms of relief: that the Court return
24 Plaintiff's child to her custody; that the Court award damages of $15 million; and that the
25 Court obtain copies of related files from the Los Angeles County Superior Court.

26   Having reviewed these materials, the Court concludes that (1) it lacks jurisdiction to
27 adjudicate Plaintiffs' claims because none of the named defendants reside in the Northern
28 District of California and none of the events giving rise to her complaint occurred there, and

1   (2) the factual allegations set forth in the complaint are insufficient to give rise to any of the
2   constitutional violations alleged in the complaint that might serve as a basis for abrogating
3   the sovereign immunity of the various defendants.
4       Because the Court lacks jurisdiction over the defendants identified in the amended
5   complaint, and because the complaint fails to set forth a viable claim with a clear legal theory
6   and the facts alleged in support it, the amended complaint is hereby DISMISSED.
7       **IT IS SO ORDERED.**

Dated: May 25, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\1120\Order 5.wpd         3